*Appeal No. 23-55133*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JANE DOE,
an individual, et al.,

Plaintiff-Appellants,

v.

ROB BONTA, in his official capacity as
Attorney General of the State of California, et al.,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of California
Hon. Larry A. Burns
Case No. 22-CV-10-LAB-DEB

## PLAINTIFF-APPELLANTS'

## RESPONSE TO ORDER TO SHOW CAUSE

Michael B. Reynolds
Colin R. Higgins
Cameron J. Schlagel
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799
mreynolds@swlaw.com
chiggins@swlaw.com
cschlgel@swlaw.com

Attorneys for Plaintiff-Appellants Jane Doe, et al.

## INTRODUCTION

Plaintiff-Appellants Jane Doe and John Doe 1 through 4 (jointly, "Plaintiffs") appeal the district court's order (the "Order") dismissing their challenge to a new California law that allows for disclosure of Plaintiffs' personal information to non-government, third-party researchers. This Court has jurisdiction under 28 U.S.C. section 1291, because the district court's order is a final decision.

Typically, when a district court grants leave to amend a dismissed complaint, that action is not final for purposes of appeal. In this case, however, the district court did ***not*** grant Plaintiffs leave to amend. Instead, it authorized Plaintiffs to file a ***motion*** for leave to amend, which ultimately would have been futile because the district court dismissed Plaintiffs' complaint solely on legal grounds. Under these circumstances—particularly because taking such needless action as filing a futile motion for leave to amend risked missing the appeal deadline—this Court has jurisdiction over this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying action, Plaintiffs challenge the constitutionality of the AB 173 Amendments, which authorize Defendant-Appellant Rob Bonta and the California Department of Justice (jointly, the "Cal DOJ") to disclose Plaintiffs' personal information—including name, address, place of birth, phone number, occupation, sex, California driver's license or ID number, and potentially social

security number—to third-party researchers for non-law enforcement purposes. Plaintiffs contend the disclosure of their personal information, which they provided to the government as a condition of exercising their Second Amendment rights, infringes on their Second Amendment rights and violates their Fourteenth Amendment right to informational privacy, among other claims.

Plaintiffs commenced the underlying action on January 5, 2022,[1] and filed their *Ex Parte* Application for a Temporary Restraining Order on January 10, 2022, which the district court denied. [ECF No. 22.] Plaintiffs subsequently filed a Motion for Preliminary Injunction on February 8, 2022, and the operative First Amended Complaint on February 18, 2022. [ECF No. 28.] Defendant filed a motion to dismiss the Amended Complaint on March 4, 2022 [ECF No. 36], which Plaintiffs opposed [ECF No. 38]. Plaintiffs later filed a Motion for Reconsideration of their TRO request after Cal DOJ released the personal identifying information of hundreds of thousands of Californians on its Open Justice Platform. [ECF No. 49.]

On January 12, 2023, the district court issued its order, which (1) granted Defendants' Motion to dismiss Plaintiffs' First Amended Complaint, (2) denied Plaintiffs' Motion for Preliminary Injunction, (3) denied Plaintiffs' Ex Parte Motion for Reconsideration, and (4) granted requests for judicial notice. [ECF No. 60.]

---

[1] Plaintiffs also filed an *ex parte* application to proceed pseudonymously [ECF No. 11], which the district court granted [ECF No. 22].

Plaintiffs timely filed a Notice of Appeal in the district court on February 10, 2023. [ECF No. 61.]

## ARGUMENT

Generally, "[a]n order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order." *Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 270 (9th Cir. 1965). For example, a case is usually not yet appealable "when a district court expressly grants leave to amend" the complaint. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). However, in this case, the Order is appealable because (1) the district court did not grant leave to amend, and (2) special circumstances warrant the exercise of appellate jurisdiction.

### I. The District Court Did Not Grant Leave to Amend.

Because this appeal concerns a final order dismissing Plaintiff's Complaint and denying their motion for a preliminary injunction as moot, this Court has jurisdiction pursuant to 28 U.S.C. section 1291 (appellate courts have jurisdiction over "all final decisions of the district courts of the United States."). Here, the district court did ***not*** grant Plaintiffs leave to amend. Instead, the Order provides that "[t]o the extent Plaintiffs wish to amend their claims, they may do so ***by filing a motion*** for leave to amend by February 10, 2023." [Order at 25-26 (empahsis added).] This is readily distinguishable from non-final orders in which the plaintiff was expressly

granted leave to amend the complaint in the court's dismissal order. *See, e.g.*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) ("a plaintiff, who has been **_given leave to amend_**, may not file a notice of appeal simply because he does not choose to file an amended complaint." (emphasis added)).[2]

## II. This Court has Jurisdiction under the Special Circumstances Doctrine.

Under special circumstances, this Court will exercise appellate jurisdiction over an order that dismisses a complaint without expressly dismissing the action if the order is "clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make, thereby entitling plaintiff to assume that he had no choice but to stand on his complaint." *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 387 (9th Cir. 1966); *see also Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 270–71 (9th Cir. 1965) (citing *Marshall v. Sawyer*, 301 F.2d 639, 643 (9th Cir. 1962) (same)); *Blevins v. Ford*, 572

---

[2] Rule 4 of the Federal Rules of Appellate Procedure provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). *See also Kingsbury v. United States*, 900 F.3d 1147, 1151–52 (9th Cir. 2018); *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 273 (1991) (Rule 4(a)(2) "recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal"). This Court may treat a premature notice of appeal as timely when "[a]ll that remain[s] [is] the clerk's ministerial task of entering a Rule 58 judgment." *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996) (quotation marks and citation omitted).

F.2d 1336, 1338 (9th Cir. 1978) (same); *cf. Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (internal citations omitted) ("if an amendment would be unavailing, then the case is dead in the district court and may proceed to the next tier").

When a district court's intent is unclear, this Court will "determine from the whole record whether it was contemplated that the dismissal was for lack of jurisdiction, whether further amendment was anticipated, whether the district court made it plain that there could be no further amendment, or whether it was contemplated that the whole action was dismissed on the merits." *WMX Techs.*, 104 F.3d at 1136. For instance, where a district court dismisses the complaint and denies the plaintiff leave to amend, "the district court has effectively disposed of the action, and [the Ninth Circuit has] jurisdiction under 28 U.S.C. § 1291." *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984); *see also Mark v. Groff*, 521 F.2d 1376, 1379 (9th Cir. 1975) (recognizing special circumstances where complaint was dismissed with prejudice and legal ruling precluded "any possible salvaging of the action by amendments to the complaint").

Similarly, when a district court's order is ambiguous or "looks both ways" with respect to its finality, because "[a]ppellate jurisdiction ought to be determined mechanically, without guessing at the district judge's expectations . . . the only safe route is to treat it as final: the alternative lays a trap for unwary (or even wary) litigants, who may forego appeal in reliance on the 'without prejudice' language only

to learn later, and to their sorrow, that the original order was appealable and the time for appellate review has lapsed." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).[3]

Here, the district court dismissed "Plaintiffs' FAC in its entirety" due to what Plaintiffs contend are erroneous ***legal*** conclusions, such as: (1) "[a]ncillary regulations like [AB 173] don't restrict conduct covered by the plain text of the Second Amendment and are permissible"; (2) on balance, the privacy interests implicated by AB 173's disclosure provisions do not violate the right to informational privacy; (3) as a matter of law, retroactive changes to a statute do not violate due process, and "AB 173 doesn't unconstitutionally expand the limited purposes for which gun and ammunition purchaser and CCW application data may be collected or shared"; and (4) no conflict exists between AB 173 and the Federal Privacy Act. [Order at 16, 20, 22, 24–25.] Accordingly, Plaintiffs could not have alleged any additional facts that would have cured the perceived defects.

The district court's ambiguous order permitting Plaintiffs to file a ***motion*** for leave to amend created a catch-22. Had Plaintiffs pursued that motion—which was futile because the complaint was dismissed on purely legal grounds—they would

---

[3] Although the Seventh Circuit's precise interpretation of when an order is final under 28 U.S.C. § 1291 differs slightly from this Court's, its analysis of *Hoskins* where a district court judge sent "inconsistent signals" by dismissing "without prejudice," on one hand, but stating in the order that the dismissal was for a terminal "failure to state a claim," illustrates the Catch-22 created by district court ambiguity.

-7-

have risked missing the deadline to file a Notice of Appeal if the order was later deemed a final decision. *See* Fed. R. App. P. 4(a)(1)(A). But the district court's order plainly did not grant Plaintiffs leave to amend, and its legal conclusions indicate that an amended complaint would be futile, which effectively compels the timely filing of a Notice of Appeal. Plaintiffs should not be left to guess the finality of an ambiguous district court order under such circumstances. And by filing a Notice of Appeal and declining to file a motion for leave to amend by the district court's deadline, Plaintiffs clearly indicated that they would stand on their complaint and would not be amending it.

Under these special circumstances, the district court's Order is a final appealable order, and this Court has jurisdiction over this appeal.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exercise jurisdiction over this appeal.

Respectfully submitted this 8th day of March, 2023.

SNELL & WILMER L.L.P.

By: s/ Cameron J. Schlagel
Michael B. Reynolds
Colin R. Higgins
Cameron J. Schlagel
*Attorneys for Plaintiff-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants.

s/ Cameron J. Schlagel