No. 23-55133

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**JANE DOE, an individual, et al.,**

Plaintiffs,

v.

**ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,**

Defendants.

On Appeal from the United States District Court
for the Southern District of California

No. 3:22-cv-00010-AJB-DEB
The Honorable Larry A. Burns, Judge

**RESPONSE RE: ORDER TO SHOW CAUSE**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE
Supervising Deputy Attorney General
RYAN DAVIS
Deputy Attorney General
State Bar No. 266330
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6050
 Fax: (916) 324-8835
 Email: Ryan.Davis@doj.ca.gov
*Attorneys for Defendant-Appellee Rob Bonta,
in his official capacity as Attorney General*

On January 12, 2023, the district court granted the Attorney General's motion to dismiss Appellants' complaint challenging the constitutionality of state statutes that require the Attorney General to provide information to the California Firearms Violence Research Center and allow the Attorney General to provide information to other bona fide research institutions. Order, No. 32-cv-00010-AJB-DEB, ECF No. 60. The district court concluded that Appellants' complaint failed to state a claim for which relief can be granted, and on that basis, denied Appellants' motion for a preliminary injunction as moot. *Id*. at 5. The district court did not enter judgment against Appellants but gave Appellants a period of time by which to seek leave to amend their complaint. *Id*. at 25-26. When that period ran out, Appellants did not seek to amend their complaint. Nor did they inform the district court that they did not intend to do so and request entry of judgment.

Instead, Appellants filed a notice of appeal without specifying whether they intended to appeal from the district court's order granting the Attorney General's motion to dismiss, once it became an appealable final order, or from the district court's order denying their motion for a preliminary injunction. On February 15, 2023, this Court ordered Appellants to indicate "whether they intend this appeal to be a final judgment appeal pursuant to 28 U.S.C. § 1291 or an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1)" and to "explain whether this court has jurisdiction over this appeal." Order, ECF No. 2. On March 8, 2023, Appellants

filed their response explaining that they intended to appeal from the district court's order dismissing their complaint. Response, ECF No. 3 at 2. Appellants argue that their appeal is proper because the district court did not grant leave to amend (it granted them leave to seek to amend) and that this Court has jurisdiction under the "special circumstances doctrine." *Id* at 4-8.

But Appellants do not adequately explain why normal rules of appellate procedure should not apply here. Appellants do not state, for example, why they could not have sought entry of judgment immediately after the district court issued its order. As Appellants acknowledge, there was nothing left for them to do because they "could not have alleged any additional facts that would have cured the perceived defects." ECF No. 3 at 7.

In any event, Appellants have since requested entry of judgment in an unopposed request filed on March 14, 2023. Request for Entry of Judgment, ECF No. 63. Although judgment has not been entered and there is not yet a final decision from which to appeal under 28 U.S.C. § 1291, the Attorney General acknowledges that Rule 4 of the Federal Rules of Appellate Procedure contemplates the present situation and provides that "[a] notice of appeal filed after the court announces a decision or order—but before entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). To the extent the Court applies Rule 4(a)(2) and allows this appeal to

proceed once the district court enters judgment, the briefing schedule should not be set under Circuit Rule 3-3, which applies to appeals from orders regarding preliminary injunctions.

Dated: March 17, 2023            Respectfully submitted,

                                                  ROB BONTA
                                                  Attorney General of California
                                                  THOMAS S. PATTERSON
                                                  Senior Assistant Attorney General
                                                  R. MATTHEW WISE
                                                  Supervising Deputy Attorney General

*/s/ Ryan Davis*

RYAN DAVIS
Deputy Attorney General
*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Doe, Jane, et al. v. Rob Bonta [Appeal]** | No. | **23-55133** |

I hereby certify that on <u>March 17, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## RESPONSE RE: ORDER TO SHOW CAUSE

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 17, 2023</u>, at Sacramento, California.

| Ritta Mashriqi | */s/Ritta Mashriqi* |
|---|---|
| Declarant | Signature |

SA2023300886
37014490.docx